J-S08018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TIMOTHY GAINS :
:
Appellant : No. 1489 EDA 2023

Appeal from the PCRA Order Entered December 16, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1208141-2005

BEFORE: DUBOW, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.: **FILED MAY 9, 2025**

Timothy Gains appeals *nunc pro tunc* from the order denying his first

petition filed pursuant to the Post Conviction Relief Act (PCRA). 42 Pa.C.S.A.

§§ 9541-46. We affirm.

In a previous appeal, this Court summarized the pertinent facts and

procedural history as follows:

> On May 4, 2009, a jury convicted [Gains] of first-degree
> murder, retaliation against a witness, and criminal conspiracy for
> his role in the October 2005 shooting death of Robert Edwards. .
> . . During the penalty phase of the trial, the jury found no
> aggravating circumstances and sentenced [Gains] to life
> imprisonment. On June 17, 2009, the trial court imposed a
> sentence of life imprisonment for first-degree murder, a
> consecutive term of 3½ to 7 years' imprisonment for retaliation
> against a witness, and a concurrent term [of] 10 to 20 years'
> imprisonment for conspiracy. This Court affirmed the judgment
> of sentence on direct appeal, and, on March 17, 2015, the
> Pennsylvania Supreme Court denied [Gains'] petition for
> allowance of appeal.

On February 1, 2016, [Gains] filed a timely PCRA petition, his first. Counsel was appointed, but on November 3, 2016, filed a petition to withdraw and a ***Turner*/*Finley*** "no-merit" letter. The next day, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without conducting an evidentiary hearing. [Gains] did not respond to the Rule 907 notice, and on December 16, 2016, the PCRA court entered an order dismissing [Gains'] petition.

Nineteen months later, on September 19, 2018, [Gains] requested a copy of his "recent court document sheet." Thereafter, on November 13, 2018, [Gains] filed a document, which the clerk of courts docketed as a "Statement of Matters Complained of on Appeal." On December 7, 2018 [Gains] filed a notice of appeal, purportedly from an order entered November 13, 2018. In the same document, [Gains] included a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. [Thereafter, this Court twice dismissed Gains' appeal but, on each occasion, reinstated the appeal upon application by Gains.] On November 13, 2019, this Court issued a *per curiam* rule for [Gains] to show cause why this appeal should not be quashed. [Gains] filed a response, and this Court discharged the rule, but referred the matter to the merits panel.

***Commonwealth v. Gains***, 239 A.3d 100, at *1 (Pa. Super. 2020) (non-precedential decision (citations and footnotes omitted).

After review, we quashed the appeal because Gains purported to appeal from an order which did not appear of record, and even if the order existed, the appeal was "manifestly untimely." ***Id.*** at *2. Nevertheless, we noted that the PCRA court should have considered Gains' November 13, 2018 filing to be a second PCRA petition. Thus, although we quashed the appeal, we remanded the "case to the PCRA court to allow [Gains] to proceed in this matter. The court shall consider [Gains'] second PCRA petition to have been filed on November 13, 2018." ***Id.*** at *3.

On June 10, 2021, the Commonwealth filed its response to Gains' second petition in which it stated that it was not opposed to Gains' request for an evidentiary hearing regarding "his *nunc pro tunc* PCRA appeal claim, at which [Gains] would need to establish that a timeliness exception applies." Response, 6/10/21, at 1 (footnoted omitted).

Thereafter, Gains retained present counsel, who entered her appearance on October 1, 2021. That same day, present counsel filed a motion for leave to amend in which she stated that she was unfamiliar with the case and, therefore, requested an additional ninety days in which to file an amended petition. No order of court appears on the record granting this motion, and present counsel does not refer this Court to one.[1]

Present counsel filed an amended PCRA petition on February 9, 2022. In this petition, present counsel not only argued why Gains could establish a timeliness exception, but also asserted her belief "that there may be meritorious claims that [prior PCRA counsel] ineffectively failed to assert." Amended PCRA Petition at 13 (citing **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021)). Present counsel therefore requested an evidentiary hearing, and asked the PCRA court to "grant nunc pro tunc reinstatement of [Gains']

_____

[1] The docket entries do include, however, a 12/27/21 heading, "PCRA Continued For Further Filings by Defense," in which it is noted that "Defense requests additional time to amend petition."

right to file a response to the 907 Notice including argument as to all claims and adequate time (60 days) for present counsel to do so." *Id.* at 15.[2]

On May 13, 2022, the Commonwealth filed another response in which it stated that it did not oppose the *nunc pro tunc* reinstatement of [Gains'] right to appeal the dismissal of his first PCRA petition.

Ultimately, by order dated May 16, **2022**, but not docketed until May 23, **2023**, the PCRA court granted Gains the right to appeal *nunc pro tunc* from the December 16, 2016, dismissal of his first timely PCRA petition. This appeal followed. The PCRA court did not require Appellate Rule 1925 compliance.

Gains raises the following two issues on appeal:

1. Was Trial counsel ineffective, violating [Gains'] rights under the Fifth, Sixth and Fourteenth Amendments for failing to ensure that highly prejudicial letters written by co-defendant Turner were properly redacted?; Alternatively, appellate counsel was ineffective for failing to appeal the admission of the unredacted letters?

2. Was Appellate counsel ineffective, violating [Gains'] rights under the Sixth Amendment, for failing to appeal the properly preserved objection to the trial court's consciousness of guilt jury instruction[?]

Gains' Brief at 7.

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and

---

[2] Present counsel cited no authority to support this request.

is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Before addressing the merits of Gains' issues, we must first determine whether they are properly before us. Notably, in his first PCRA petition, Gains claimed that trial counsel was ineffective for failing to file a suppression motion. The two claims that Gains now raises regarding the ineffectiveness of trial and appellate counsel were not raised in Gains' first petition. Thus, as they are being raised for the first time on appeal, they are waived. ***See*** Appellate Rule 302(a); ***Commonwealth v. Baumhammers***, 92 A.3d 708, 730 (Pa. 2014).

To the extent that Gains wanted to claim that PCRA counsel was ineffective for failing to raise these claims in his first PCRA petition, Gains fails to make that argument. In ***Bradley***, ***supra***, our Supreme Court held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Bradley***, 261 A.3d at 401 (footnote omitted). Because the PCRA court did not require Appellate Rule 1925 compliance, Gains' first opportunity to challenge PCRA counsel's ineffectiveness is in his appellate brief. However, Gains does not couch these two claims in terms of PCRA counsel's ineffectiveness, but presumes incorrectly that he can proceed directly to the ineffectiveness claims mentioned above. Gains has failed to raise properly any layered claim of PCRA

counsel's ineffectiveness. Thus, we affirm the order denying Gains post-conviction relief.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/9/2025